# IN THE COURT OF APPEALS OF IOWA

No. 20-1073
Filed July 21, 2021

IN RE THE MARRIAGE OF LUCAS POTTER
AND JESSICA RAE POTTER

Upon the Petition of
**LUCAS POTTER,**
     Petitioner-Appellant,

**And Concerning**
**JESSICA RAE POTTER,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Benton County, Fae Hoover Grinde,

Judge.

Lucas Potter appeals the denial of his motion to set aside a default

judgment. **AFFIRMED.**

Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellant.

Annette F. Martin, Cedar Rapids, and Webb L. Wassmer of Wassmer Law

Office, PLC, Marion, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Lucas Potter appeals from the district court's denial of his motion to set aside a default judgment. We affirm.

I**. Background Facts**

This is a dissolution of marriage case. The district court ordered the parties—Lucas and his then-wife, Jessica Potter—and counsel of record to attend a settlement conference and pretrial conference. Despite the court's order, Lucas did not attend the hearing. Nor did anyone appear on his behalf. So the district court found Lucas in default.

Several months later, the court entered a default decree. Fifteen days later, Lucas filed a "motion to vacate default and reopen matter." It asked the court to set aside the default judgment due to "unavoidable casualty." The motion claimed Lucas "was unemployed and actively seeking, interviewing for new jobs during the period of time in which the [c]ourt found him in [d]efault."

The court held a hearing on the motion. The hearing was not reported. According to the court's subsequent order, though, "Lucas urge[d] the court to set aside the default upon a finding of unavoidable casualty, specifically, he submit[ted] that he travelled across the country from North Carolina to participate in the pretrial conference and overslept due to the duration of his travel." Jessica responded by submitting two exhibits. They were recordings of phone calls she had with Lucas in the early morning hours (between 3:00 and 4:00 a.m.) before the pretrial conference. In the recordings, Lucas sounded intoxicated or under the influence of some substance. In one recording, Lucas admitted he had been drinking.

The district court concluded Lucas did not establish good cause to set aside the default. Accordingly, the court denied his motion. Lucas appeals.

## II. Standard of Review

"We vest district courts with broad discretion in ruling on a motion to set aside a default. We reverse such a ruling only if this discretion is abused." *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994). "We resolve all doubts in favor of setting aside a default judgment, as we prefer 'to allow a determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake.'" *Beal v. Crowder*, No.16-0246, 2017 WL 361997, at *4 (Iowa Ct. App. Jan. 25, 2017) (quoting *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999)).

## III. Discussion

We must begin our discussion with error preservation. In general, issues must be both raised and decided in the district court before we can consider them. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). On appeal, Lucas brings several procedural claims. But he did not bring these claims before the district court, and the district court did not rule on them. So they are not preserved, and we do not consider them. Instead, we only consider the claim both raised and considered by the district court: Did Lucas establish good cause through unavoidable casualty because he overslept on the day of the pretrial hearing?

Iowa Rule of Civil Procedure 1.977 states: "On motion and for good cause shown, . . . the court may set aside a default . . . for mistake, inadvertence,

surprise, excusable neglect or unavoidable casualty." "Rule 1.977 further provides '[s]uch motion must be filed promptly after the discovery of the grounds thereof, but not more than 60 days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation.'" *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 700 (Iowa 2021) (alteration in original). As the movant, Lucas had the burden to plead and prove good cause. *Id.*

"Good cause is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *Id.* (citation omitted). Good cause is established by proving one of the enumerated exceptions—mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. *Brandenburg*, 603 N.W.2d at 584.

Lucas relies on unavoidable casualty, which means

> some casualty or misfortune growing out of conditions or circumstances that prevented the party or [the party's] attorney from doing something that, except therefor would have been done, and does not include mistakes or errors of judgment growing out of misconstruction or misunderstanding of the law, or the failure of parties or counsel through mistake to avail themselves of remedies, which if resorted to would have prevented the casualty or misfortune.

*In re Marriage of Marconi*, 584 N.W.2d 331, 334 (Iowa 1998) (alteration in original) (citation omitted). "Negligence is not an unavoidable casualty or misfortune." *Id.* And "when it was obvious that the defaulting party was to blame for the default, our courts have rejected a motion to vacate." *Id.*

Applying these principles here, we do not conclude Lucas established unavoidable casualty. Lucas missed the pretrial hearing because of his own negligence. He overslept, apparently because he drank and became intoxicated

on the night before the hearing. So we think "it was obvious that [Lucas] was to blame" for missing the hearing and the subsequent default. *See id.*

The district court did not abuse its discretion by denying Lucas's motion to vacate the default judgment.

Jessica asks us to award her appellate attorney fees. Appellate attorney fees are awarded upon our discretion and are not a matter of right. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). When considering whether to award fees, "we consider 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013) (citation omitted). After consideration, we decline to award Jessica appellate attorney fees.

**AFFIRMED.**